IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS CHRISTOPHER TIMMONS,

    Petitioner,      No. CIV S-06-1970 MCE DAD P

    v.

HARLEY G. LAPPIN, et al.,      <u>ORDER AND</u>

    Respondents.      <u>FINDINGS AND RECOMMENDATIONS</u>

/

    Petitioner, an alleged "sovereign citizen of the California Republic" and a "non-resident alien to the United States," is a federal prisoner proceeding pro se. Petitioner has filed a complaint, alleging that Harley G. Lappin, Director of the Federal Bureau of Prisons and Alberto R. Gonzales, United States Attorney General, have committed a number of common law torts against him, including false imprisonment, extortion, fraud, kidnapping, assault and battery, and peonage. Petitioner also alleges that Mr. Lappin and Mr. Gonzales have violated his constitutional rights under the Fourth, Fifth, Sixth, Eighth, Ninth and Tenth Amendments, causing petitioner bodily harm, loss of posterity, and loss of wages earned. Petitioner seeks immediate release from prison and damages. Petitioner has paid a $350.00 filing fee, which included twenty-one dollars in silver coins. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

1

Petitioner was convicted of armed bank robbery in U.S. District Court for the Central District of California and sentenced on August 21, 2000, to 123 months in prison. Petitioner did not appeal his conviction. Petitioner has, however, filed at least four Petitions to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 in the U.S. District Court for the Central District of California. The Central District has denied each of his petitions. Most recently, the Central District denied petitioner's June 14, 2005 petition as successive and time-barred. See Timmons v. United States of America, CV 05-4278 (Aug. 16, 2005). This court takes judicial notice of that Central District decision.

This court opened and docketed the present case as a § 2241 habeas corpus action because petitioner's request for relief demanded immediate release from prison. In doing so the court was cognizant of the potential prejudice to petitioner that could result from the Anti-Terrorism and Effective Death Penalty Act, which precludes prisoners from filing second or successive § 2255 habeas motions. See 28 U.S.C. § 2255; Rule 9, Rules Governing § 2255 Proceedings. Petitioner has filed numerous letters attempting to explain that this is a common law tort action for damages as opposed to a habeas action. In addition, petitioner has filed an amended petition claiming that "Statutory relief under 28 U.S.C. § 2255 and/or § 2241, has been determined to be ineffective and inadequate to test the legality of Plaintiff's detention, having no force at law or Congressional authority." (Pet'rs Am. Pet. at 2). Petitioner continues to demand immediate release from prison. Petitioner also demands $60,000,000 in damages.

The court may only effect an immediate release from prison through a writ of habeas corpus. Although petitioner insists that this is a tort action, the court would need to render petitioner's conviction or sentence invalid to allow him to recover any damages on his claims. This court finds that petitioner's actual claim is one sounding in habeas corpus. Therefore, the court will treat this case as a habeas action pursuant to § 2241 or, alternatively, § 2255. The court will also briefly consider petitioner's tort and constitutional claims. See, e.g.,

/////

1  Hassain v. Johnson, 790 F.2d 1420 (9th Cir. 1986) (district court treating a federal prisoner's
2  complaint seeking release and damages as both a habeas action and a separate Bivens action).
3        Before reaching the merits of petitioner's claims, this court must first address
4  jurisdiction.  Petitioner, now housed at Federal Correctional Institution - Herlong, filed the
5  instant petition with this court on September 5, 2006.  As the custodial court, this court has
6  jurisdiction to hear a § 2241 motion.  Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000)
7  ("habeas petition filed pursuant to § 2241 must be heard in the custodial court"); Stephens v.
8  Herrera, 464 F.3d 895, 898 (9th Cir. 2006) (same), cert. denied ___ S. Ct. ___, 2007 WL 579760
9  (Mar. 27, 2007).  However, the U.S. District Court for the Central District of California
10 sentenced petitioner.  As the sentencing court, the Central District has jurisdiction to hear a §
11 2255 motion.  Hernandez, 204 F.3d at 865 ("§ 2255 motions must be heard in the sentencing
12 court"); Stephens, 464 F.3d at 898 (same).
13       Ordinarily, this court would be obligated to transfer a § 2255 motion to the
14 Central District.  However, as discussed infra, the court finds that petitioner's § 2255 motion is
15 time-barred in any event.  Therefore, the interests of justice would not be served by transferring
16 this action.  See Hernandez v. Campbell, 204 F.3d 861 (9th Cir. 2000); Taylor v. Social Security
17 Administration, 842 F.2d 232, 233 (9th Cir. 1988) (in determining whether "to transfer an action
18 pursuant to section 1631, the district court must consider whether the action would have been
19 timely if it had been filed in the proper forum on the date filed").  Rather, the court will
20 recommend that this action be dismissed and that petitioner's request for immediate release be
21 denied under §§ 2241 and 2255.  In addition, petitioner's claims for damages should be
22 dismissed as frivolous.
23       First, petitioner should not be granted relief pursuant to § 2241.  The Ninth Circuit
24 has repeatedly held that, "In general, § 2255 provides the exclusive procedural mechanism by
25 which a federal prisoner may test the legality of detention."  Ivy v. Pontesso, 328 F.3d 1057 (9th
26 /////

1 Cir. 2003) (citing <u>United States v. Pirro</u>, 104 F.3d 297, 299 (9th Cir. 1997); <u>Lorentsen v. Hood</u>, 223 F.3d 950, 954 (9th Cir. 2000) (same). However, 28 U.S.C. § 2255 contains an "escape hatch" or "savings clause" that provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.</u> (emphasis added)

A prisoner may invoke a court's jurisdiction under § 2241 if he can show that the remedy under § 2255 is "inadequate or ineffective" to test his incarceration. <u>Ivy</u>, 328 F.3d at 1059. This exception, however, is narrow. <u>Id.</u> Section 2241 is not available simply because the court of appeals refuses to certify a second or successive petition under the provisions of § 2255. <u>Id.</u> A petitioner may only proceed under § 2241 if he claims to be: "(1) factually innocent of the crime for which he has been convicted; and (2) has never had an 'unobstructed procedural shot' at presenting this claim." <u>Id.</u> at 1060.

In the present case, petitioner does not claim factual innocence. He claims only that defendants lack subject matter jurisdiction over him and are executing a void judgment. (Pet'rs Am. Pet. at 3). Even if petitioner's claims could be construed as a claim of factual innocence, he has not been barred from presenting such a claim in one of his previously-filed § 2255 motions. As the Ninth Circuit has explained, "it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." <u>Ivy</u>, 328 F.3d at 1060. Accordingly, this court finds that petitioner has failed to show that § 2255 provides an "inadequate or ineffective remedy." Therefore, petitioner is not entitled to invoke this court's jurisdiction under § 2241 or entitled to a writ of habeas corpus under § 2241.

/////

/////

Second, petitioner should not be granted relief pursuant to § 2255 because his motion under that provision is time-barred.[1] Although motions brought under § 2255 must be heard by petitioner's sentencing court, the undersigned has considered the timeliness of petitioner's motion and has determined that the interests of justice would not be served by transferring the petition to the Central District pursuant to 28 U.S.C. § 1631. See 28 U.S.C. § 1631 ("Whenever a civil action is filed . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought); Taylor, 842 F.2d at 233.

If petitioner had filed his motion with the sentencing court, the U.S. District Court for the Central District of California, it would be time-barred by the one year statute of limitations. 28 U.S.C. § 2255, ¶ 6. Petitioner's conviction became final on September 3, 2000. Petitioner did not file the instant motion until September 5, 2006. The one-year statute of limitations under § 2255 has long since run. In light of the untimeliness of the motion, the court finds that the interests of justice would not be served by transferring this case to the Central District, and the court will recommend that the § 2255 motion be denied.

Finally, petitioner's request for $60,000,000 in damages is frivolous. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

---

[1] In addition, it appears that petitioner's present motion would also be barred as a "second or successive" motion. See 28 U.S.C. § 2255, ¶ 8. District courts may only entertain a second or successive motion if the movant has been certified by a panel of the appropriate court of appeals. Petitioner does not claim he has sought or complied with this procedural requirement.

1         In the present case, petitioner's claim for damages is completely meritless as well
2 as contradictory and confusing.  For example, on one hand, petitioner maintains that his
3 complaint against Mr. Lappin and Mr. Gonzales is one for damages arising only from common
4 law torts, including false imprisonment, extortion, fraud, kidnapping, assault and battery, and
5 peonage.  On the other hand, petitioner alleges Mr. Lappin and Mr. Gonzales have violated his
6 constitutional rights under the Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth Amendments.
7 Petitioner also claims he is suing these individuals in their "private capacity" but only includes
8 allegations involving their official capacity.  Petitioner's entire complaint is based on the
9 outlandish premise that Mr. Lappin and Mr. Gonzales do not have jurisdiction over him because
10 they are basing their authority on his indictment, conviction, judgment, and sentence – all of
11 which are void because the indictment from its inception never stated a cause of action.
12 Regardless of whether the court construes petitioner's claims as tort claims against Mr. Lappin
13 and Mr. Gonzales in their individual capacity, as tort claims under the Federal Tort Claims Act,
14 or as constitutional claims under <u>Bivens</u>, the court finds petitioner's claims to be legally
15 frivolous.  Accordingly, this court recommends that petitioner's claims for damages be
16 dismissed.
17         This court also has before it numerous requests from petitioner.  First, petitioner
18 has requested that the court read all of its filings.  Second, petitioner has requested that the court
19 acknowledge that "the claim and exercise of a constitutional right cannot be converted to a
20 crime" and that the court assure petitioner that the judge will conduct himself without bias or
21 prejudice.  Third, petitioner has requested that the court issue summons for Mr. Lappin and Mr.
22 Gonzales.  Fourth, petitioner has requested that the court enter of default judgment in his favor.
23 Fifth, petitioner requests the court take judicial notice of plaintiff's mission statement and
24 discharge him from custody.  Sixth, petitioner has requested the court take judicial notice of the
25 Federal Rules of Evidence.  Seventh, petitioner has requested a hearing on his request for entry of
26 /////

default judgment. Finally, petitioner has requested the court grant the above-mentioned requests. All of petitioner's requests and motions will be denied as moot, frivolous or unnecessary.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's November 1, 2006, January 4, 2007, and February 12, 2007 requests that the court read all of his pleadings are denied as moot;

2. Petitioner's November 1, 2006, January 4, 2007, February 12, 2007, requests that the court acknowledge, inter alia, that "the claim and exercise of a constitutional right cannot be converted to a crime" are denied as unnecessary;

3. Petitioner's September 11, 2006, September 13, 2006, September 14, 2006, October 12, 2006, January 12, 2007, and January 19, 2007 requests that the court issue summons are denied as moot;

4. Petitioner's March 2, 2007 request for default judgment is denied as moot;

5. Petitioner's March 2, 2007 request that the court to take judicial notice of his mission statement is denied as unnecessary;

6. Petitioner's March 15, 2007 request that the court take judicial notice of the Federal Rules of Evidence is denied as unnecessary;

7. Petitioner's March 19, 2007 and March 22, 2007 requests for a hearing are denied as moot; and

8. Petitioner's April 3, 2007 request that the court grant his motions docketed as entries 29, 30, 31, 32, and 33 is denied as moot.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's October 27, 2006 amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §§ 2241 and 2255 be denied;

2. Petitioner's October 27, 2006 amended petition for $60,000,000 in damages be dismissed; and

3. This action be dismissed.

These findings and recommendations are submitted to the assigned United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, petitioner may file written objections with the court.  Petitioner's objections, including exhibits and attachments, shall be limited to 15 pages.  Any additional pages may be disregarded.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 5, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
timm1970.256A